J.T. Fox, Esq. (SBN 195063)
LAW OFFICES OF JT FOX, APC
556 S. Fair Oaks Ave., No. 444
Pasadena, California 91105
Telephone: (888) 750-5530
Fax: (888) 750-5530
Email: jt@jtfoxlaw.com

Attorney for Plaintiff,
REJUVENEDA MEDICAL GROUP, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REJUVENEDA MEDICAL GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARK FOCHT, an individual; TEM CONSULTING, LLC, a Delaware limited liability company; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>(1) BREACH OF WRITTEN CONTRACT<br>(2) CONVERSION<br>(3) INTENTIONAL MISREPRESENTATION<br>(4) PROMISSORY FRAUD<br>(5) UNJUST ENRICHMENT<br>(6) THEFT (VIOLATION OF CALIFORNIA PENAL CODE § 496)<br>(7) UNLAWFUL BUSINESS PRACTICES (VIOLATION OF BUS. & PROF. CODE §17200)<br><br>DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff, REJUVENEDA MEDICAL GROUP, INC. ("Rejuveneda" or "Plaintiff") as and for its Complaint against Defendants MARK FOCHT ("Mark"), an individual; TEM CONSULTING ("TEM") a Delaware limited liability company; and Does 1 through 20, inclusive (collectively "Defendants"), and hereby alleges as follows:

## THE PARTIES

1.      Plaintiff REJUVENEDA MEDICAL GROUP, INC. is a corporation organized under the laws of the State of California, with its principal place of business in the City of Beverly Hills, Los Angeles County, California, and with its business mailing address in the City of Beverly Hills, Los Angeles County, California. Regeneveda engages in the business of medical treatments, cosmetic treatments, alternative medicine, and other healthcare practices and does business in Los Angeles County, California.

2.      Defendant MARK FOCHT ("Mark") is an individual who resides in Rockland County, New York.  Defendant is a Member and Manager of Defendant TEM CONSULTING, LLC, a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the City of Dagsboro, Sussex County, Delaware, and with its business mailing address in the City of Dagsboro, Sussex County, Delaware. TEM engages in the business of medical sales and was doing business in Los Angeles County, California at all times mentioned in this complaint.

3.      The true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of Defendants sued herein as DOES 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sue said Defendants by fictitious names pursuant to Section 474 of the California Code of Civil Procedure. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated herein as DOES are legally responsible in some manner for the events and happenings referred to herein, and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend the Complaint to show the true names and capacities of the Defendants designated herein as DOES when ascertained. When reference is made to "Defendants" in this Complaint, such allegation shall be deemed to mean the acts of Defendants acting individually, jointly or severally.

COMPLAINT FOR DAMAGES

4.     Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, were and are the agents, employees, partners, joint-venturers, co-conspirators, owners, principals and/or employers of the remaining Defendants, and at all times herein mentioned were and are acting within the course and scope of such agency, employment, partnership, conspiracy, ownership and/or joint venture.  Defendant Mark also over exerted control over TEM.

5.     Plaintiff is further informed and believes and thereon alleges that the acts and conduct herein alleged of each such Defendant were known to, authorized by and/or ratified by the other Defendants, and each of them. At all times herein relevant, each of the above Defendants were acting as a servant, alter-ego, agent and employee of each and every co-defendant, and in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such employment and authority, and with the knowledge and consent of said co-defendants, each defendant ratified and approved the acts of the other defendants.

## VENUE AND JURISDICTION

6.     This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff Rejuveneda Medical Group, Inc. is incorporated under the laws of the State of California and has its principal place of business in Los Angeles County in the State of California. Defendant Mark Focht is a citizen of the State of New York, and TEM Consulting, LLC is incorporated under the laws of the State of Delaware and has its principal place of business in Sussex County in the State of Delaware. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

7.     Venue is proper in, and Defendants are subject to the personal jurisdiction of, the Central District of California pursuant to 28 U.S.C. § 1391 because Defendants do business in this District, a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District, and the subject contract was executed in this District.

COMPLAINT FOR DAMAGES

## FACTUAL ALLEGATIONS

8.      Plaintiff Rejuveneda Medical Group, Inc. brings claims for damages resulting from fraud, conversion, and breach of a contract for the purchase and delivery of goods involving Plaintiff and Defendants Mark Focht and TEM Consulting, LLC.   Plaintiff requested multiple times that Defendants pay the amount owed to Plaintiff for Defendants' failure to perform under the contract before the filing of this complaint.

9.      On or about February 22, 2021, Plaintiff and Defendants entered into a purchase order agreement wherein both parties agreed that Plaintiff would purchase from Defendants twenty cases of 640 (i.e., 12,800) AccessBio Care Start Rapid Covid-19 test kits ("test kits") valued at $13.65 per test kit, for the benefit of Rapid Virus Results, LLC ("RVR") on behalf of their client and end buyer, Earthsafe Chemical Alternatives, LLC ("Earthsafe".) On February 22, 2021, Plaintiff wired Defendants $166,400.00 (reflecting a rate of $13 per test kit) for distribution of 12,800 test kits to Earthsafe.   Defendants agreed to have Earthsafe (or RVR on their behalf) immediately collect the twenty cases of 640 test kits from Defendants' warehouse in New Jersey by private carrier. A true and correct copy of the purchase order and wire transfer between Plaintiff and Defendants is attached hereto as **Exhibit A**.

10.      Earthsafe did not pick up the test kits as arranged, and, without notice to Plaintiff, Defendants instead arranged to ship the 20 cases of 640 test kits to Earthsafe. Later, Defendants shipped fourteen cases of 640 test kits to Earthsafe but failed to deliver the remaining six cases of 640 test kits, which are the subject of this complaint. Over the following several months, Plaintiff, RVR, and Earthsafe repeatedly requested that Defendants ship the remainder of the test kits and that proof of tracking be provided. Defendants repeatedly assured them that the test kits would be delivered immediately. Nonetheless, in breach of the abovementioned contract, Defendants did not

COMPLAINT FOR DAMAGES

deliver the remaining six cases of test kits to Earthsafe (or RVR on their behalf), nor provide any proof of shipment or delivery of the test kits.

11.     Because of the pandemic-related nature of this transaction and because of Defendants' delay and failure to immediately deliver six out of twenty cases of 640 tests kits to Earthsafe, Earthsafe no longer had any use for the test kits as they were no longer necessary. On or about May 15, 2021, Earthsafe demanded reimbursement of $57,216.00 from RVR, reflecting the cost of the six cases of test kits that Earthsafe paid for Plaintiff to purchase and that they never received.

12.     Plaintiff now owes RVR (on behalf of Earthsafe) $57,216.00 for the six cases of test kits that Plaintiff purchased, and that Defendants failed to deliver to Earthsafe, an amount which he seeks to recover from Defendants pursuant to the abovementioned contract. If not for Defendants' failure to deliver the test kits and fraudulent withholding of payment from Plaintiff, Plaintiff would not be indebted to RVR for such amount, and surely would not have entered into the abovementioned contract with Defendants. Plaintiff was left with no choice but to file this action because of Defendants' breach of contract, failure to return funds not earned, and their defrauding Plaintiff into entering the contract with no intention to perform.

13.     Seeking to resolve this matter, Plaintiff in good faith requested multiple times that Defendants refund RVR (on behalf of Earthsafe) $57,216.00 for the six cases of 640 test kits Earthsafe never received, thereby satisfying the balance Plaintiff owes to RVR.  For each time Plaintiff requested that Defendants return funds for the test kits not delivered, Defendants repeatedly assured Plaintiff and counsel for Plaintiff that they would send the money owed. However, Defendants have not sent any payment since the date they breached their obligation to deliver under the parties' purchase order agreement.

14.     On May 16, 2021, Defendants and RVR entered into a written agreement whereby Defendants agreed to refund RVR (on behalf of Earthsafe) the payments of $57,216.00 for the six boxes of test kits Defendants failed to deliver to Earthsafe, to be paid within 2 business days of the agreement date. Defendants breached this agreement by their failure to render payment to date. A true and correct copy of the written refund agreement between Defendants and RVR is attached hereto as **Exhibit B**.

15.     Defendants have falsely assured Plaintiff, Plaintiff's counsel, and RVR that they will send wire payment for the amount Defendants owe for failure to perform under contract. Defendants represented to Plaintiff that they paid the $57,216.00 amount owed by sending Plaintiff and RVR wire transfer receipts for such amount on March 25, 2021, and again on May 12, 2021. However, Defendants' wire transfers never materialized and neither Plaintiff nor RVR received payment at any time after receiving Defendants' wire transfer receipts. A true and correct copy of the Defendants' false wire transfer receipts is attached hereto as **Exhibit C.**

16.     In a phone call between Plaintiff, RVR, and Defendant Mark Focht on June 8, 2021, Mark admitted he owed the $57,216.00 for the undelivered test kits and promised Plaintiff he would send those funds. Nevertheless, Mark has not sent any payment to RVR or Plaintiff to date.

17.     Upon information and belief and based upon their deliberate failure to return funds owed to plaintiff, Defendants are seeking to defraud Plaintiff and deny Plaintiff the right to recover expenses incurred as a result of Defendants' failure to perform under contract. Defendants' actions are in violation of the parties' contract for the purchase and delivery of goods and are independently wrongful, malicious, fraudulent, criminal, and without legal basis.

18.     Defendants' malicious and despicable conduct subjects Defendants to liability for punitive and/or exemplary damages in the amount of $100,000, as those words are used and

COMPLAINT FOR DAMAGES

1  defined in California Civil Code section 3294, for acts constituting conversion, intentional

2  misrepresentation, and promissory fraud.

3      19.    Defendants' breach of contract, theft, intentional misrepresentations, promissory

4  fraud, unlawful business practices, and conversion of Plaintiff's monies have directly caused

5  Plaintiff great financial and reputational harm in excess of $100,000.  Further, as a direct and

6  proximate result of Defendants' wrongful conduct, Plaintiff has suffered additional general,

7  special, and consequential damages in an amount to be determined according to proof at trial.

8
                          **FIRST CAUSE OF ACTION**
9
                        **BREACH OF WRITTEN CONTRACT**
10
                           **(Against All Defendants)**
11

12      20.    Plaintiff repeats and incorporates by reference each and every allegation set forth in

13  paragraphs 1-19, inclusive.

14      21.    On or about February 22, 2021, Plaintiff and Defendants entered into a written

15  purchase order agreement wherein both parties agreed that Plaintiff would purchase from

16  Defendants twenty cases of 640 (i.e., 12,800) AccessBio Care Start Rapid Covid-19 test kits ("test

17  kits") at $13.65 per test kit, for the benefit of Rapid Virus Results, LLC ("RVR") on behalf of their

18  client and end buyer, Earthsafe Chemical Alternatives, LLC ("Earthsafe").  (See Exhibit A.)  On

19  February 22, 2021, Plaintiff wired Defendants $166,400.00 (reflecting a rate of $13 per test kit) for

20  delivery of 12,800 test kits to Earthsafe.  (See Exhibit A.)  Defendants agreed to have Earthsafe (or

21  RVR on their behalf) immediately collect the twenty cases of 640 test kits from Defendant's

22  warehouse in New Jersey by private carrier. Earthsafe did not pick up the test kits as arranged, and

23  Defendants instead agreed to ship the 20 cases of 640 test kits to Earthsafe.

24      22.    Plaintiff has done all, or substantially all, of the significant things that the contract

25  between it and Defendants required it to do, including purchasing twenty cases of AccessBio Care

26

27

28

- 7 –

Start Rapid Covid-19 test kits from Defendants and arranging for their immediate delivery to end buyer Earthsafe (or RVR on their behalf). To the extent Plaintiff did not perform anything the contract required it to do, such failure or lack of performance was and is excused.

23.     On February 23, 2021, and thereafter, Defendants materially breached the conditions set forth in the contract between Plaintiff and Defendants by:

   a.  Failing to immediately deliver to Earthsafe six out of twenty cases of 640 AccessBio Care Start Rapid Covid-19 test kits, worth $57,216.00; and

   b.  Failing to return to Plaintiff $57,216.00 for the six out of the twenty cases of 640 test kits Plaintiff purchased for Earthsafe and that Earthsafe never received.

24.     As a result of Defendants' breach of the contract between them and Plaintiff, Plaintiff Rejuveneda Medical Group, Inc. has been harmed and continues to suffer harm. Plaintiff has been deprived of its rightful economic gain because of Defendants' wrongful withholding of payment for undelivered test kits purchased by Plaintiff on behalf of Earthsafe.

25.     As a direct and proximate result of Defendants' breach of the contract, Plaintiff has been harmed in the amount of $57,216.00, plus prejudgment interest, costs, and reasonable attorneys' fees, if allowable by statute.

**SECOND CAUSE OF ACTION**

**CONVERSION**

**(Against All Defendants)**

26.     Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1-25, inclusive.

27.     Conversion is the wrongful exercise of dominion over the property of another. (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1240.) Intentional destruction or alteration of property constitutes conversion. (*Martinez v. Robledo* (2012) 210 Cal.App.4th 384, 387.)

28.     The elements of a conversion claim are: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. (*Mendoza v. Rast Produce Co., Inc.* (2006) 140 Cal.App.4th 1395, 1405.)

29.     Pursuant to the purchase order agreement between Plaintiff and Defendants, entered into by the parties on February 22, 2021, Plaintiff is entitled to a reimbursement of $57,216.00 by Defendants, representing funds used by Plaintiff to purchase six out of twenty cases of 640 test kits on behalf of Earthsafe and for the benefit of RVR, which Defendants failed to deliver to Earthsafe. Additionally, Defendants repeatedly misrepresented that they sent wire payment to Plaintiff and RVR for the $57,216.00 amount owed, but neither Plaintiff nor RVR have received any such wire payment from Defendants to date.

30.     Defendants have wrongfully denied access to, withheld, transferred, embezzled, and/or destroyed $57,216.00 in funds paid by Plaintiff to Defendants to purchase six cases of 640 test kits for Earthsafe, which belongs wholly or partially to Rejuveneda Medical Group, Inc.

31.     Defendants' wrongful acts of conversion have harmed Plaintiff by depriving Plaintiff of its rightful economic gain from the ownership, management, use, possession, and administration of the above-mentioned funds.

32.     As described above, Plaintiff has been harmed in an amount to be determined according to proof at trial, in excess of this Court's jurisdiction, plus prejudgment interest, costs, and reasonable attorney's fees, if allowable by statute.  Furthermore, Defendants' purposeful and oppressive conduct in withholding, denying access to, and/or destroying Plaintiff's funds, all for their own pecuniary gain and/or a desire to destroy the Company, evidence malice and despicable conduct towards Plaintiff which entitles Plaintiff to an award of punitive and exemplary damages in the amount of $100,000, which are requested herein.

### THIRD CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION

### (Against All Defendants)

33.     Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1-32, inclusive.

34.     One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers. (Civ. Code section 1709.  The suggestion, as a fact, of that which is not true, by one who does not believe it to be true constitutes an intentional misrepresentation. (Civ. Code section 1710(1)). "The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." (*Lazar v. Superior* Court (1996) 12 Cal.App.4th 631, 638; 5 Witkin,Summary of Cal.Law (9th ed. 1988) Torts, § 676, p. 778.)

35.     As described above, Defendants misrepresented that they would immediately deliver to Earthsafe six out of twenty cases of 640 test kits, worth $57,216.00 and purchased by Plaintiff on Earthsafe's behalf. Additionally, Defendants at multiple times misrepresented that they would wire $57,216.00 to Plaintiff as reimbursement for Plaintiff's purchase of the test kits on Earthsafe's behalf after Defendants failed to deliver the test kits.

36.     At the time Plaintiff and Defendants entered into the abovementioned contract, Defendants had full knowledge that they would not deliver to Earthsafe the six out of twenty cases of test kits that Plaintiff purchased on Earthsafe's behalf, or alternatively that they did not have possession of such test kits as to deliver them immediately. Additionally, for every time Defendants misrepresented that they reimbursed or would reimburse Plaintiff and/or RVR the $57,216.00 amount, Defendants had full knowledge that they would not send any reimbursement

- 10 –

to Plaintiff nor RVR for Plaintiff's abovementioned purchase of the six cases of test kits for Earthsafe which Defendants failed to deliver.

37.    Defendants intended to induce Plaintiff to act in reliance on the misrepresentation in exchange for valuable consideration provided by Plaintiff pursuant to the terms of the parties' contract for the purchase and delivery of Covid-19 test kits. Had Defendants not made the misrepresentation that they would deliver the abovementioned six cases of test kits to Earthsafe, Plaintiff would never have entered into the agreement with Defendants and purchased those test kits on Earthsafe's behalf. Additionally, if not for Defendants' fraudulent misrepresentation that they would reimburse Plaintiff, Plaintiff would not have been deprived of its rightful economic gain and incurred costs in prosecuting this action.

38.    In reliance upon Defendants' misrepresentations, Plaintiff entered into the abovementioned contract and incurred expenses of $57,216.00 due to Defendants failing to deliver six cases of Covid 19 test kits which Plaintiff purchased on Earthsafe's behalf. As a result, Plaintiff is now indebted to RVR (on behalf of Earthsafe) for the amount of $57,216.00 because of Defendants' failure to deliver to Earthsafe the six cases of test kits, and because of Defendants' recurring misrepresentations that they would refund this amount to Plaintiff or RVR (on behalf of Earthsafe.)

39.    As a direct and proximate result of Defendants' intentional misrepresentations, Plaintiff has been harmed in an amount to be determined according to proof at trial, in excess of this Court's jurisdiction, plus prejudgment interest, costs, and reasonable attorney's fees if allowable by statute.  Furthermore, Defendants' purposeful and fraudulent conduct in making knowing misrepresentations to Plaintiff to induce Plaintiff to enter the abovementioned agreement to their detriment evidence malice and despicable conduct towards Plaintiff which entitles Plaintiff

COMPLAINT FOR DAMAGES

to an award of punitive and exemplary damages in the amount of $100,000, which are requested herein.

## FOURTH CAUSE OF ACTION

### PROMISSORY FRAUD

### (Against All Defendants)

40.     Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1-39, inclusive.

41.     "'Promissory fraud' is a subspecies of the action for fraud and deceit. A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud." (*Engalla v. Permanente Medical Group, Inc.* (1997)15 Cal.4th 951, 973-974.) "[I]n a promissory fraud action, to sufficiently allege defendant made a misrepresentation, the complaint must allege (1) the defendant made a representation of intent to perform some future action, i.e., the defendant made a promise, and (2) the defendant did not really have that intent at the time that the promise was made, i.e., the promise was false."  (*Beckwith v. Dahl* (2012) 205 Cal.App.4th 1039, 1060.)

42.     Under the parties' purchase order agreement entered into on February 22, 2021, Defendants represented to Plaintiff that they intended to immediately deliver to Earthsafe twenty cases of 640 Covid-19 test kits, purchased by Plaintiff on Earthsafe's behalf. However, Defendants ultimately delivered only fourteen out of the twenty promised cases of test kits to Earthsafe. Defendants thereafter represented that they would return $57,216.00 to plaintiff by wire transfer, representing the cost of the six undelivered cases of test kits Plaintiff purchased on Earthsafe's behalf.

43.     At the time Defendants agreed to immediately deliver twenty cases of 640 Covid-

COMPLAINT FOR DAMAGES

19 test kits to Earthsafe, Defendants had no intention to deliver six out of those twenty cases of test kits, for which Plaintiff now seeks reimbursement.  Furthermore, for every time Defendants misrepresented that they reimbursed or would reimburse Plaintiff and/or RVR the $57,216.00 amount, Defendants had no intention to reimburse Plaintiff nor RVR for Plaintiff's purchase of the six cases of test kits for Earthsafe which Defendants failed to deliver. (See Exhibit C.)

44.     As a direct and proximate result of Defendants' fraud, Plaintiff has been harmed in an amount to be determined according to proof at trial, in excess of this Court's jurisdiction, plus prejudgment interest, costs, and reasonable attorney's fees, if allowable by statute.  Furthermore, Defendants' purposeful and deliberate conduct in defrauding Plaintiff into entering into an agreement which Defendants had no intention to fully perform at the time of agreement evidence malice and despicable conduct towards Plaintiff which entitles Plaintiff to an award of punitive and exemplary damages in the amount of $100,000, which are requested herein.

### FIFTH CAUSE OF ACTION

### UNJUST ENRICHMENT

**(Against All Defendants)**

45.     Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1-44, inclusive.

46.     As stated above, Defendants have failed to pay or reimburse Plaintiff $57,216.00, representing funds disbursed by Plaintiff to purchase six out of twenty cases of 640 test kits on behalf of Earthsafe and for the benefit of RVR, which Defendants failed to deliver to Earthsafe.

47.     Thus, Defendants have been unjustly enriched in an amount exceeding $57,216.00 according to proof at the time of trial.  Therefore, Plaintiff should be entitled to a judgment for the

COMPLAINT FOR DAMAGES

amount of at least $57,216.00 against Defendants, plus interest at ten (10) percent per annum in pursuit of collection of the sums due to Plaintiff by Defendants.

### SIXTH CAUSE OF ACTION

### THEFT (VIOLATION OF CALIFORNIA PENAL CODE § 496)

#### (Against All Defendants)

48.     Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1-47, inclusive.

49.     One who fraudulently appropriates property which has been entrusted to him is guilty of theft. (Cal. Pen. Code section 484.) Penal Code Section 496 makes it a crime to receive or withhold from the owner "property that has been . . . obtained in any manner constituting theft" and provides that any person injured by a violation of the statute may bring an action for treble damages, for costs, and for reasonable attorney's fees. (Penal Code, Section 496(a) and (c)). The civil remedy provided in Penal Code Section 496(c) does not require that the perpetrator be convicted; all that is necessary is that defendant violated the statute and plaintiff was injured as a result. (*Bell v. Feibush* (2013) 212 Cal.App.4th 1041, 1049.) Penal Code, Section 496 applies to property which has been obtained not only by theft by larceny (i.e. stealing) but also by such other forms of theft as embezzlement. (*People v. Kunkin* (1973) 9 Cal.3d 245.)

50.     The elements of a cause of action under Penal Code, Section 496 consist of the following: (1) the property was stolen; (2) the defendant knew the property was stolen; and (3) the defendant had possession of the stolen property. (*Lacagnina v. Comprehend Systems, Inc.* (2018) 25 Cal.App.5th 955, 970).

51.     As described above, Defendants violated Penal Code section 496 by obtaining Plaintiff's funds entrusted to Defendants for the purchase and delivery of Covid-19 test kits to end buyer Earthsafe, and knowingly appropriating and withholding from Plaintiff $57,216.00 in

funds not earned by Defendants for their failure to deliver six out of twenty cases of test kits to Earthsafe.

52.     Defendants knew the unlawfully retained funds belonged to Plaintiff because Defendants were obligated to return those funds to Plaintiff after their failure to deliver six out of twenty cases of Covid 19 test kits to Earthsafe under the parties' purchase order agreement.  (See Exhibit A.)  Additionally, Defendant Mark Focht personally acknowledged in emails and phone calls that the funds belong to Plaintiff. (See ¶ 16).

53.     Defendants retained possession of Plaintiff's funds entrusted to Defendants and have not paid any of it back to Plaintiff to date.  Additionally, Defendants repeatedly misrepresented that they sent wire payment to Plaintiff and RVR for the $57,216.00 amount owed, but neither Plaintiff nor RVR have received any such wire payment from Defendants to date.

54.     As described above, Plaintiff has been injured by Defendants' wrongful acts of theft and conversion in violation of Penal Code Section 496 by depriving Plaintiff of its rightful economic gain and access to its own funds, which is in excess of this Court's jurisdiction, plus prejudgment interest, costs, and reasonable attorney's fees, as is allowable pursuant to Penal Code Section 496(c). Furthermore, pursuant to Penal Code Section 496(c), Plaintiff is entitled to a just award of treble the amount of actual damages sustained, in an amount up to and/or in excess of $114,432.00.  These treble damages are requested herein.

### SEVENTH CAUSE OF ACTION

### UNLAWFUL BUSINESS PRACTICES (VIOLATION OF BUS. & PROF. CODE §17200)

### (Against All Defendants)

55.     Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1-54, inclusive.

- 15 –

COMPLAINT FOR DAMAGES

56.     Section 17200 et seq. of the California Business and Professions Code prohibits any "unlawful, unfair, of fraudulent business act or practice."

57.     Unlawful practices are (1) any practices forbidden by law, be it civil, or criminal, federal, state, or municipal, statutory, regulatory or court-made; (2) unfair practices are any practice whose harm to the victim outweighs its benefits; and (3) fraudulent practices are those that deceive the public. (*Saunders v. Superior Ct.* (2d Dist. 1994) 27 Cal.App.4th 832, 839.)

58.     As fully described above, Defendants' conversion, theft, breach of written contract, intentional misrepresentation, and promissory fraud amounted to unlawful, unfair, and/or fraudulent business acts or practices that are prohibited by Section 17200 et seq.

59.     As fully described above, Defendants have unlawfully converted monetary sums properly belonging to Plaintiff. Additionally, Defendants repeatedly misrepresented that they sent wire payment to Plaintiff and RVR for the $57,216.00 amount unlawfully retained by Defendants, but neither Plaintiff nor RVR have received any such wire payment from Defendants to date.

60.     As fully described above, Defendants have profited economically from this unfair misappropriation and use of converted funds to the detriment of Plaintiff, as well as Plaintiff's credit reputation. The economic and reputational harm to Plaintiff outweighs the unjustly received economic benefit to Defendants.

61.     As described above, Defendants have engaged in fraudulent business practices by engaging in the abovementioned unauthorized fraudulent acts.

62.     As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent practices, Plaintiff seeks restitution of monies obtained by Defendants on account of Defendants' wrongdoing in the amount of $109,184, and attorney's fees according to proof at the time of trial.

COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff. prays that the Court enter judgment and orders in Plaintiff's favor and against Defendants as follows:

1. For compensatory, general, special, and consequential damages in an amount according to proof at trial;

2. For attorney's fees if allowable by statute;

3. For costs of suit;

4. Prejudgment interest;

5. For great financial and reputational harm to Plaintiff, in an amount up to and/or in excess of $100,000;

6. For punitive and/or exemplary damages against Defendants for the causes of action for conversion, intentional misrepresentation, and promissory fraud, in the amount of $100,000;

7. For treble damages pursuant to Penal Code Section 496(c), in an amount up to and/or in excess of $114,432.00;

8. For restitution of monies obtained by Defendants on account of Defendants' wrongdoing, in the amount of $109,184;

9. For an Order from this Court requiring Defendants to pay the above $57,216.00 amount owed to Plaintiff; and

10. For all such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

COMPLAINT FOR DAMAGES

DATED: June 24, 2021

LAW OFFICES OF JT FOX, APC

By_____
J.T. Fox, Esq.
Attorney for Plaintiff,
REJUVENEDA MEDICAL GROUP, INC.

- 18 –

COMPLAINT FOR DAMAGES